UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSICA LEIGH BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-882** |
| **STATE OF LOUISIANA** | **SECTION: "R"(1)** |

## REPORT AND RECOMMENDATION

Petitioner, Jessica Leigh Bell, is a state prisoner incarcerated at the Louisiana Transitional Center for Women in Tallulah, Louisiana. On April 11, 2011, she pleaded guilty to two counts of possession of Oxycodone and was sentenced on each count to a consecutive term of five years imprisonment. On that same date, she also pleaded guilty to being a second offender and was resentenced as such on the first count to a consecutive term of ten years imprisonment without benefit of probation or suspension of sentence.[1] She then moved for reconsideration of her sentence;[2] that motion was denied on May 12, 2011.[3]

In October of 2012, petitioner apparently sent the state district court judge a letter asking that he order that she be allowed to participate in a reentry program upon completion of her sentence. That request was denied.[4]

---

[1] State Rec., Vol. 1 of 2, transcript of April 11, 2011.
[2] State Rec., Vol. 1 of 2.
[3] State Rec., Vol. 1 of 2.
[4] State Rec., Vol. 1 of 2, Order dated November 5, 2012; see also State Rec., Vol. 1 of 2, Letter to Petitioner from Clerk of Court dated November 5, 2012. That denial apparently prompted another letter from petitioner questioning the decision. The Clerk of Court responded to that letter, explaining that the program is only offered to "male defendants who will be housed at the Louisiana State Penitentiary." State Rec., Vol. 1 of 2, Letter to Petitioner from Clerk of Court dated December 20, 2012.

On or after December 30, 2012, petitioner filed with the state district court a "Motion for Clarification of Sentence."[5] On February 7, 2013, that motion was granted to the extent that the court recommended that petitioner receive drug treatment while incarcerated.[6]

On or about April 10, 2013, petitioner filed an application for post-conviction relief with the state district court.[7] That application was denied on September 10, 2013.[8] Her related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on February 27, 2014,[9] and by the Louisiana Supreme Court on February 13, 2015.[10]

On or after March 17, 2015, petitioner filed with the state district court a "Motion to Make Original Sentence Executory to Run Concurrent with State Prison Term(s)."[11] That motion was denied on April 7, 2015.[12]

In the interim, on or about March 18, 2015, petitioner filed the instant federal application seeking *habeas corpus* relief,[13] and she subsequently supplemented that application on two occasions.[14] The state has filed a response arguing that the application is untimely.[15] The state is correct.

---

[5] State Rec., Vol. 1 of 2.
[6] State Rec., Vol. 1 of 2; see also State Rec., Vol. 1 of 2, Letter to Petitioner from Clerk of Court dated February 7, 2013.
[7] State Rec., Vol. 1 of 2.
[8] State Rec., Vol. 1 of 2, Order dated September 10, 2013.
[9] State v. Bell, No. 2013 KW 1880 (La. App. 1st Cir. Feb. 27, 2014); State Rec., Vol. 1 of 2.
[10] State *ex rel.* Bell v. State, 159 So.3d 456 (La. 2015); State Rec., Vol. 1 of 2. While those post-conviction proceedings were ongoing, petitioner filed with the state district court a "Motion to Make Original Sentence Executory to Run Concurrent with State Prison Term(s)." State Rec., Vol. 1 of 2. That motion was denied on July 15, 2014. State Rec., Vol. 1 of 2, Order dated July 15, 2014.
[11] State Rec., Vol. 1 of 2.
[12] State Rec., Vol. 1 of 2, Order dated April 7, 2015.
[13] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That date is not reflected in petitioner's filing; however, the application was mailed to the Court in an envelope postmarked on March 18, 2015.
[14] Rec. Docs. 7 and 8.
[15] Rec. Docs. 11 and 12.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[16] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," … "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Louisiana law provides:

A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.

B. The motion for an appeal must be made no later than:

---

[16] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the parties do not suggest that those other provisions are applicable in the instant case. Rather, petitioner appears simply to argue that the limitations period did not commence until her state post-conviction proceedings concluded. See Rec. Doc. 7, pp. 13-14, Question 18. That argument clearly has no merit. See, e.g., Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("The mere existence of an application for state habeas relief does not … prevent the one year period of limitation from beginning until the state habeas application is finally decided. Rather, § 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one year period. Under the plain language of the statute, any time that passed between the time that [the petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.").

>    (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
>    *(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.*

La. Code Crim. P. 914 (emphasis added). As noted, petitioner filed a motion to reconsider sentence which was denied on May 12, 2011. Accordingly, her state court judgment became final, and her federal limitations period therefore commenced, on June 13, 2011.[17] The federal limitations period then expired one year later on June 13, 2012, unless that deadline was extended by tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Here, however, petitioner filed no such applications within the applicable one-year period.[18]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[17] Because the thirtieth day here fell on a Saturday, petitioner had until Monday, June 13, 2011, to move for an appeal. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[18] Petitioner's only state-court filing during that period was a "Motion to Obtain Verbatim Transcripts, Boykinization and Sentencing Transcripts." State Rec., Vol. 1 of 2. However, it is clear that that applications seeking transcripts or other documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

   Moreover, although petitioner subsequently filed a post-conviction application and other motions, such applications and motions filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). By entering her unconditional pleas, petitioner has already conceded under oath that she in fact committed and was guilty of the crimes of which she stands convicted. Moreover, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear, petitioner has not made a colorable showing that she is actually innocent in light of "new evidence."[19]

Because petitioner is not entitled to statutory tolling, and because she has not established that she is eligible for equitable tolling or that the McQuiggin "actual innocence" exception

---

[19] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty. See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013).

applies, her federal application for *habeas corpus* relief had to be filed no later than June 13, 2012, in order to be timely. Her federal application was not filed until on or about March 18, 2015, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Jessica Leigh Bell be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of October, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**